**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASHLEY OROZCO, as Guardian Ad Litem for M.M., <br><br> Plaintiff, <br><br> v. <br><br> MCKINLEY ELEMENTARY SCHOOL, NORTH BERGEN BOARD OF EDUCATION, and PRINCIPAL JOSEPH BARTULOVICH, <br><br> Defendants. | Civil No.: 2:24-cv-02557 <br><br> **OPINION & ORDER** |

**CECCHI, District Judge.**

**I.      INTRODUCTION**

This matter comes before the Court on the motion filed by defendants McKinley Elementary School ("McKinley"), North Bergen Board of Education (the "Board"), and Principal Joseph Bartulovich (collectively, "Defendants") to dismiss the Complaint (ECF No. 1, "Compl.") of plaintiff Ashley Orozco, guardian ad litem for M.M. ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 8, "Br."). Plaintiff opposed Defendants' motion (ECF No. 13, "Opp."), and Defendants replied in support (ECF No. 14). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). Plaintiff's Complaint asserts claims for violations of 42 U.S.C. § 1983 (Counts One and Two) and N.J.S.A. 9:6–1, et seq. (Count

Three).¹  Defendants moved to dismiss all three counts.  For the reasons set forth below, Defendants' motion is **GRANTED**.

## II.   BACKGROUND

Plaintiff asserts that her son, M.M., is a seven-year-old autistic student at McKinley. Compl. ¶ 9.  On or about February 23, 2024, Plaintiff alleges that she discovered that M.M.'s shirt was ripped and that he had bruising and swelling all over his body when she picked him up from school at McKinley.  *Id.*  Plaintiff alleges that M.M. was treated for his injuries at Hackensack University Medical Center.  *Id.* ¶ 10.  Plaintiff also asserts that the North Bergen Police Department, the New Jersey Division of Child Protection and Permanency, and the Hudson County Prosecutors Office are investigating the incident.  *Id.* ¶¶ 11–12.  Plaintiff alleges that "[u]pon investigation," she discovered that defendant Joseph Bartulovich, the principal of McKinley, assaulted M.M. on February 23, 2024, and several times in the past.  *Id.* ¶¶ 13–14.  Plaintiff contends that McKinley and the Board did not report, investigate, or record the alleged assaults, and conspired to hide them from Plaintiff.  *Id.* ¶¶ 14–15.  Plaintiff also alleges that McKinley and the Board knew for several years about other assaults carried out by employees, but likewise concealed the behavior.  *Id.* ¶ 17.

## III.  LEGAL STANDARD

To survive dismissal under Rule 12(b)(6), a complaint must meet the pleading requirements of Rule 8(a)(2) and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  In evaluating the sufficiency of a complaint, a court must "draw all reasonable inferences in favor of

---

¹ Plaintiff does not oppose Defendants' arguments in support of dismissing Count Three.  As discussed *infra*, the Court treats Plaintiff's failure to respond as a waiver of Count Three.  *See Doe on behalf of Doe v. Small*, 654 F. Supp. 3d 376, 387 (D.N.J. 2023).

2

the non-moving party." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citation omitted). Ultimately, a complaint "that offers 'labels and conclusions' or . . . tenders 'naked assertions' devoid of 'further factual enhancement,'" will not withstand dismissal. *Iqbal*, 556 U.S. at 678 (citations and brackets omitted).

## IV.    DISCUSSION

Defendants argue that (1) all claims should be dismissed because the Complaint does not contain sufficient factual allegations; (2) claims against Bartulovich should be dismissed because he is entitled to qualified immunity; (3) claims against McKinley should be dismissed because it is not a "person" for purposes of § 1983; and (4) state law claims should be dismissed because plaintiffs may not sue on a criminal statute. Br. at 1. Plaintiff does not oppose Defendants' third and fourth arguments in her opposition brief. *See* Opp. at 1. "The failure to respond to a substantive argument to dismiss a count, when a party otherwise files opposition, results in a waiver of that count." *Doe on behalf of Doe v. Small*, 654 F. Supp. 3d 376, 387 (D.N.J. 2023) (quoting *Jimenez v. T.D. Bank, N.A.*, No. 10-cv-7699, 2021 WL 4398754, at *14 (D.N.J. Sept. 27, 2021)). Therefore, the Court will address only Plaintiff's § 1983 claims against Bartulovich and the Board and will treat Plaintiff's § 1983 claim against McKinley and Plaintiff's claims based on N.J.S.A. 9:6–1, et seq. as waived.

### A.    § 1983 Claim Against Bartulovich

Plaintiff alleges that Bartulovich violated M.M.'s Fourth and Fourteenth Amendment rights under the United States Constitution by "assault[ing], batter[ing] and beat[ing]" him "while acting under color of state law." Compl. ¶¶ 13, 19–20. To state a claim under § 1983 against an individual, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person

3

acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted).

Plaintiff does not sufficiently plead a § 1983 claim against Bartulovich. Plaintiff alleges that "[u]pon investigation, it was ascertained that defendant Joseph Bartulovich admittedly assaulted, battered and beat M.M. that day." Compl. ¶¶ 9, 13. However, Plaintiff provides no other allegations that plausibly connect Bartulovich to M.M.'s injuries. Plaintiff does not plead any particularized facts relating to the alleged "investigation" or identifying how it "ascertained" that Bartulovich caused M.M.'s injuries. The only other assertion that connects Bartulovich to M.M.'s alleged assault is that he is the principal of the school from which Plaintiff picked up M.M. on the day of his injuries. *Id.* ¶ 7. These factual allegations are insufficient to satisfy the Rule 12(b)(6) pleading standard. *See Kelly v. City of Newark*, No. 17-cv-0498, 2018 WL 1378727, at *7 (D.N.J. Mar. 16, 2018) (dismissing § 1983 claim because the court was "unable to identify concrete allegations or assertions regarding excessive use of force, beyond the mere contention that certain defendants acted with excessive force") (internal quotations omitted). Therefore, Plaintiff's § 1983 claim against Defendant Bartulovich is dismissed without prejudice.

### B. § 1983 Claim Against the Board

Even if Plaintiff sufficiently pleaded a claim against Bartulovich, Plaintiff's § 1983 claims against the Board would still fail. Under *Monell*, municipalities and other bodies of local government, like school boards, are liable under § 1983 when "the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom." *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). However, "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436

4

U.S. at 691. At a minimum, a party "must identify a custom or policy, and specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). Plaintiffs must also show a causal link between the alleged policy or custom and the constitutional violation. *See Est. of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019). "To establish the necessary causation, a plaintiff must demonstrate a 'plausible nexus' or 'affirmative link' between the municipality's custom and the specific deprivation of constitutional rights at issue." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990) (citations omitted).

Plaintiff asserts that the Board never "reported/investigated/officially recorded" instances in which M.M. and other students were "beaten, battered and/or assaulted by defendants" and other McKinley employees. Compl. ¶¶ 14, 17. Plaintiff alleges that the Board "willfully and illegally conspired to hide these assaults from the plaintiff" and "developed, cemented, engrained, upheld, preserved and maintained accepted policies or customs exhibiting deliberate indifference to the constitutional rights of students at [McKinley], which eventually and directly caused the egregious violations of the rights of M.M." *Id.* ¶¶ 15–16, 23. Plaintiff also alleges that the Board "failed to use reasonable care in the selection and monitoring of its employees [and] failed to properly train and/or supervise them," concluding that this failure is "surely tantamount to a custom and/or policy." *Id.* ¶¶ 24, 30.

These conclusory allegations are insufficient to establish a § 1983 claim against the Board under *Monell*. Plaintiff provides no particularized facts to support any of her conclusions about the Board's alleged policies, customs, or failures to hire, train, and supervise its employees. *See McTernan*, 564 F.3d at 658 (complaint must "identify a custom or policy and specify what exactly that custom or policy was"). Such allegations are merely "conclusory assertion[s] cast as factual allegation[s] that the Court is not required to accept." *Caviness v. Aramark Corr. Servs.*, No. 14-

5

cv-7068, 2015 WL 1888246, at *2 (D.N.J. Apr. 15, 2015). Accordingly, Plaintiff's § 1983 claim against the Board is dismissed without prejudice.

### C. Qualified Immunity

Defendants argue that Plaintiff's claims against Bartulovich should be dismissed because he is entitled to qualified immunity. Br. at 1. Because the Court's holding that Plaintiff failed to adequately plead a § 1983 claim against Bartulovich is dispositive, it will not reach Defendants' other asserted grounds for dismissal.

### V. CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is dismissed without prejudice.

**Accordingly, IT IS**, on this 10th day of January, 2025,

**ORDERED** that Defendants' motion to dismiss (ECF No. 8) is granted, and Plaintiff's Complaint (ECF No. 1) is dismissed without prejudice; and it is further

**ORDERED** that Plaintiff shall have thirty (30) days from entry of this Order to submit an amended complaint that **addresses the deficiencies identified in this Order**. Insofar as Plaintiff submits a further amended complaint, she shall also provide a form of the amended complaint that indicates in what respect it differs from the current complaint, by bracketing or striking through materials to be deleted and underlining materials to be added. See L. Civ. R. 15(a)(2).

SO ORDERED.

/s/ Claire C. Cecchi
**CLAIRE C. CECCHI, U.S.D.J.**